is People v. Parker, Margarineau, 5-160-265. Counsel, you are ready to proceed. Yes, I am, Your Honor. Good morning. May it please the Court? Counsel? My name is Daniel Janowski and I represent the appellate defendant in this matter, Margaret Parker. Now, this case involves a post-conviction petition and some other documents with similar titles. So, to begin, I'd like to just go through a brief timeline of what had occurred. My client had been found guilty of jury trial. And on March 24, 2016, he filed what he entitled a petition for leave to file late post-conviction, which sought additional time to file a post-conviction petition due to his inability to access the law library, as well as a learning disability that he had. And so, therefore, he sought additional time to file his PC. He had filed two additional requests prior to that March 24 date, and neither of those had been ruled upon by the trial court. On April 4, 2016, the trial court denied the petition for leave to file late post-conviction, since it contained, quote, no allegations of constitutional violations, nor any itemization of the days that he was prevented from having access to the library, and no facts supported the granting of the request. So, undeterred, on April 21, my client filed his self-entitled pro se post-conviction petition, claiming his constitutional rights were violated due to the trial judge being under the influence of drugs, and that he was, quote, nodding out during trial and requested relief. On May 11, 2016, that petition was denied by the trial court, stating that, quote, nothing in the petition to indicate why the claims could not have been made in the earlier petition. We proffer to this court that that language shows that the trial court denied the pro se post-conviction petition due to the fact that no cause had been shown, and that cause and prejudice tests under the successive PC standards. However, we offer this court that this was not a successive PC, but the initial one, even though they had similar titles. Initially, I'd like to address the State's argument that this Court is without jurisdiction to consider this, because of the fact that my client did not appeal the denial, I think which is different than a dismissal, denial of the petition for relief to file late post-conviction. First off, I'd offer that that was not a final and appealable order. The relief that was requested in that petition for relief to file late post-conviction was that of additional time to file a PC. There were no statutory or case law references made. The only, he had just said, hey, court, I'd like more time to file. I haven't been able to make it to the law library. I've got this learning disability, and I've got a constitutional claim. Please give me more time. So even that denial of that request, that was not a final and appealable. That was not an adjudication upon the merits. That was just a denial of a request for additional time. So that would not have made it by its merits a final and appealable order. And additionally, we're not seeking to reverse that denial of the request for additional time. We're only seeking a reversal on the denial of the pro se post-conviction petition. And so therefore, there's no jurisdictional issue here for the court due to the fact that he did not appeal that initial petition for relief to file late post-conviction. So since there is jurisdiction, we're now going to the merits of this case. I offer that the trial court err by not reviewing that pro se post-conviction petition, for not reviewing that for just a constitutional claim standard versus the cause and prejudice standard that the trial court employed that would be proper for a successive PC. First, the title and contents as I've touched upon of that petition for relief to file late post-conviction were not that of a PC. The title itself says, you know, I'm asking for additional time to file. And the reason why I haven't been able to file is due to the fact that I haven't been able to get to the law library and I've got a learning disability. So the title and the contents and then also the prayer for relief requested additional time. It didn't ask for, you know, new trial. It didn't ask for reversal due to the grant of a PC. And so therefore, the contents of that petition for relief to file late post-conviction show that it was not an initial PC. Secondly... But was there also, and I remember, you made an argument about the docket issue. Yes. The 90-day time period and how does that play? Because I know I'm jumping ahead. That's the relief that we're requesting, Your Honor. And so in this district's decision of people versus little, what we requested was that this trial court grant as relief a reversal of that denial of the pro se post-conviction. And we made it back for second stage docketing. Because under little, the PC, the post-conviction petition act, requires that the trial court make a determination within 90 days. You know, a pretty stern on the 90-day requirement. So this court in little, it said, if you miss that 90 days, whether it was an innocent or inadvertent mistake, you automatically go to second stage and the appointment of trial counsel at that point. So that request for second stage docketing would come in our request for relief. Because the argument, the timing is from the time that at least the petition for leave was titled and then the court's ruling, I guess the second petition was exceeded 90 days. Yeah, even taking the post-conviction petition, that was filed April 21st of 2016. So three years ago by now. So since that's over 90 days, even though the trial court innocently thought that it had disposed of that in a proper way, even though it made a mistake in that fact, that since we're past that 90-day window, do we go back for second stage docketing? We're assuming it's a little, this court's case there. So I guess with all these filings, I'm confused. Maybe you can help me straight out. Sure. We have jurisdiction because of what the trial court did with the petition that was mislabeled. Is that your argument? My argument is, but my client, since he did both of these pro se, he used the word petition in both titles. And so the initial, what he called petition for leave filed late post-conviction, what I would just call a request for additional time. But since he did not appeal that, since that was not a filing appealable order, this court still has jurisdiction in order to make a ruling on the actual petition, on the actual PC, the pro se post-conviction petition. Okay, but what are you saying is the pro se post-conviction petition that we should be ruling on? That would be the May the 11th petition that he entitled pro se post-conviction petition. Oh, I'm sorry. That was the court's ruling on it. The April 21st, 2016 pleading that he entitled pro se post-conviction petition. That would be the proper, that would be the initial PC. April 21st? April 21st, 2016, yes. Okay. What about the trial judge's treatment of the post-conviction petition, or the petition that wasn't really a petition? Okay, so there the trial court had found, like I said, in the trial court's words, the court had found that there was no allegation. The trial court denied that petition, or that request for additional time, he denied that. And stated that he denied it because there were no allegations of constitutional violations, nor any itemization of the days that he was prevented from having access to the law library and no facts to support the branking of that request. Okay. I'm going to interrupt you again. Sure. It's about half of the month. The fact that the trial court did that, did that trigger a duty on the trial court to your client that you're aware of? Not that I'm aware of. Not the fact of the entry of that docket or that order at that time. If the court was treating your client's petition in quotes, if the trial court was treating your client's petition as a post-conviction petition, you don't think that imposed any duty on the trial court to so notify your client? It would have under People v. Shellstrom from the Illinois Supreme Court. That's what I'm asking about. So there's case law that says this petition that wasn't really a petition in your mind, but in the trial court's mind was a petition, at least in the trial court's mind, by treating it as a petition, there was then a duty owed to your client. What about that? Correct. Had the trial court read that petition for leave to file a late post-conviction as a PC, as a post-conviction petition, under People v. Shellstrom, the trial court had a duty then in order to notify my client and say, hey, client, you've got one bite at this apple. If you want to withdraw that or you want to amend it, you have that opportunity because I'm going to read this as a PC. This is going to be your one shot here. But since due to the fact that the name itself and the contents of that document, I don't think it would lend anybody to read that and say, oh, yeah, this should be re-entitled or should be re-examined as an actual PC. Therefore, the trial court should have, you know, if the trial court had intended to read that as a PC, should have notified my client. It didn't do that, right? Correct. So what's the impact of that vis-a-vis everything else that happens later on? I think then it should be treated as what it is, a request for additional time. So he had requested time. The trial court missed that opportunity. So then, you know, missed the opportunity to tell my client, hey, I'm going to read this as a PC. So you don't think that the failure of the trial court in and of itself to notify your client and do other things requires a reversal? No, no, not on the initial, not on the initial pleading. Because I don't think, because we're not requesting any relief under that initial pleading. You know, we're not seeking a reversal to have a grant of, grant, have an extension of time. You're just arguing that it's not a, it's not a successive petition. Correct. So without, without having the initial PC, you can't have a successive PC. And since they're judged on different standards, you know, since one is a just a. That's what I'm trying to figure out. That's why I'm confused. What, what is it that you're seeking? Are you seeking a first petition, first successive petition? What do you, what exactly are you seeking? Because that will dictate, as you indicated, or the judge indicated, the, the burdens here. Sure, sure. I need you to clarify that. Okay, what we're seeking is for that, for his pro se post-conviction petition, the April 21st, 2016 document to be considered the initial PC, to have that be considered the post-conviction petition. And that would be the one judged under the gist of a constitutional claim standard. And then you, what relief are you asking for? So, so what we're requesting then is that this court reverse that denial, or dismissal, I'm sorry, dismissal of that pro se post-conviction petition, the April 21st document, and a remand back for second stage docketing because the trial court. Appointment of counsel. Exactly. And it's state the opportunity to file a motion to dismiss if it so chooses. It always chooses. Any, any further questions? All right. Thank you. May it please the court. Good morning, your honors. Counsel. Jacob Dennis, a 7-11 supervising attorney. Mr. David Robinson.        I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. I'm sorry. Nice. Welcome. Thank you. The defendant lacks jurisdiction to challenge the trial court's denial of his initial post-conviction petition. And even if he does have jurisdiction, his petition was properly denied because shelter notice does not apply in this case. Both the language of the post-conviction hearing act and the reasoning in people be love show that the defendant lacks jurisdiction to appeal from that initial post-conviction petition. Okay. You need to tell us why. The trial court considered this petition to be a post-conviction petition. And denied it since it did not contain that list of itemized days that he was granted access to the law library. This really nullifies. I'm going to ask you the same question I asked your opponent. The fact that the judge treated it as such. We have case law in Illinois that says there was an obligation to notify the defendant that it was interpreting the petition as a post-conviction petition. Yes, your honors. Is it error that the court did not do that? No, your honor. Shelstrom notice applies when it re-categorizes cases as post-conviction petitions. Isn't that what it did here? No, your honor. In Shelstrom, the Supreme Court of Illinois defined re-characterization as when they change a petition that is labeled as a cognizable action under Illinois law. Labeled as what? A cognizable action under Illinois law to be a post-conviction petition. In the defendant's own brief, he quoted Palmer v. Twomley, which quotes that a pleading should be treated as a post-conviction petition if it alleges constitutional violations. So despite the defendant's title that was unclear as to what his petition was intended to be, that petition should be labeled as and considered to be a post-conviction petition. Shelstrom notice applies only when it's clear that the defendant was intending to label this petition as something that's not a post-conviction. And then the trial court goes ahead and changes it to a post-conviction petition without warning. That's what the court is concerned with. You don't think a petition for leave to file late or whatever petition is not a request other than a straight-up petition for post-conviction leave? Well, Your Honor, the defendant's meaning was unclear. And within that petition, the defendant mentioned that he wanted to overturn his conviction and that he alleged a constitutional violation, which was denying access to the jail law library. And so the trial court considered that petition to be a post-conviction petition. And regardless of whether the trial court properly decided that case, the fact that the trial court did decide that case means it now stands on the record. Subsection 2.1A2 of the Post-Conviction Hearing Act provides that a trial court's dismissal of a post-conviction petition after first-stage review is a final judgment. Subsection 7 of the Act then states that a party must file a notice of appeal within 30 days to preserve jurisdiction for appeal. The defendant in this case — But I'm still worried about the due process issues of notice, of just — Well, even — You don't think that notice was required. Even though there was a final judgment being entered from which the defendant should have, in your view, appealed, he's not entitled to notice because the court treated his petition as a post-conviction. Is that what you're arguing? Yes, Your Honor. But also, the defendant did have a notice that there was an adverse judgment against him. He was given a notice of adverse judgment which instructed him on how to appeal from that judgment if he disagreed with that court — with the trial court's ruling. The defendant failed to appeal from that ruling. The defendant instead — But you said he had notice. Yes, Your Honor. He had to appeal from the trial court's decision in order to preserve jurisdiction to even challenge that ruling in the first place. Yeah, but does the record reflect that he was given that notice, that he was notified not only of the dismissal, but that he had to appeal it? Yes, Your Honor. In 30 days. The — The record will say that. Yeah. The record reflects that it was sent through certified mail, that notice of adverse judgment against him. And even previously in this case, the defendant had filed pro se appeals knowing that he understood that process and just refused to do so and acted as if there was no adverse judgment against him. And the court in People v. Love is — that case is directly on point to this case. In Love, the defendant's initial post-conviction petition was dismissed at the first stage. The defendant failed to refile a notice of appeal within the 30-day statutory limit. The defendant then filed a subsequent post-conviction petition, which the trial court denied as a successful post-conviction petition under the Cause of Prejudice test. The defendant contended on this appeal that his first petition was incorrectly recategorized as a post-conviction petition. The court stated, and I quote, Once the defendant loses jurisdiction, he cannot retroactively alter the trial court's judgment in his initial petition. In this case, since the trial court considered the defendant's initial petition to be a post-conviction petition, that determination cannot now be overturned. The trial court's decision to dismiss the defendant's initial post-conviction petition, which the trial court denied as a successful post-conviction petition, because the defendant failed to preserve his right to appeal that initial decision. Furthermore, not only did the defendant fail to preserve his right to appeal then, but he filed a successive petition before filing a motion for leave to file a successive petition. And in his successive petition, he didn't even put forward a Cause of Prejudice argument as to why he should his petition should be reinstated. Instead, he merely acted as if that adverse judgment had never existed against him. However, the trial court considered that initial petition to be a post-conviction petition, and that judgment now stands on the record, and the defendant can't just overturn that without jurisdiction to appeal. Furthermore, this case is easily distinguishable from People v. Little for three reasons. First, the defendant in People v. Little properly filed a notice of appeal to preserve jurisdiction on that initial petition. And then this Court upheld his initial petition and allowed him to refile his initial petition. And then finally, this Court narrowly tailored the ruling to say where a defendant files an initial post-conviction petition seeking only to reinstate the right to a direct appeal that was lost due to counsel's ineffectiveness, a subsequent petition is not a successive petition for purposes of Section 122.1f. Once again, that's not the case here. The defendant is not seeking the right to reinstate a right to a direct appeal, but is merely seeking to refile another post-conviction petition as if that final judgment was never ordered against him in the first place. The defendant does have recourse if the Court affirms this judgment. The defendant can refile a motion for leave to file a successive petition. And in that case, the trial court would then be able to determine whether, under causal prejudice analysis, the defendant was deprived access to due process in that initial petition. And if the trial judge denies that. In which initial petition? The very first one. April 21, 2016? The March 21. And let the Court say there's no jurisdiction over it. Yes, Your Honor. But the trial court, the defendant could make the argument that under causal prejudice analysis, he was denied access to due process by this failure by the trial court. Which failure by the trial court? To consider his petition in the way he saw fit. However, regardless, in this case. Are we talking about the April 21, 2016 petition? Yes, Your Honor. Okay. Regardless, in this case, because the defendant failed to preserve jurisdiction on appeal, he never filed anything to overturn that ruling. And because he didn't file a motion for leave to file or even argue a causal prejudice analysis to overturn this ruling, this Court should affirm. Thank you. Unless there are any further questions. Okay. Thank you, counsel. Good luck to you. Rebuttal? Mr. Your Honor, I've got just three brief points on rebuttal. The first is the allegations that were made in reference to the March 24, 2016 petition for leave to file a post-conviction. Those allegations about the jail law library went to the reason why he was requesting additional time, not due to some type of constitutional violation prior to his trial. And so that's why he included claims that he was able to get to the jail law library. The second was that my client did receive an adverse judgment notice from the circuit court that an adverse judgment had been entered on March 24. But it doesn't say anything in regards to, but it's already been reclassified as a PC, as a post-conviction petition. It says, you request, you know, my client's sitting there. It says, oh, I request additional time. He gets in the mail, requests a notice of adverse judgment, meaning my request for additional time has been denied. And then he didn't do anything in regards to an appeal on that denial. Counsel, what about people versus love? And I think counsel argues, hey, this case says you didn't appeal the first decision, so, you know, this court shouldn't take it up. We don't, you know, have jurisdiction. We're going to have to treat it as a statement. And I think that love is distinguishable due to a few main points. One is the document that the defendant in love filed was post-conviction petitions, and it's in paragraph 1 here. July 28, 2011, defendant filed a pro se petition for post-conviction relief. That's what he filed. Gets an adverse judgment, doesn't appeal it. Then he files what he entitled amended post-conviction petition for relief. And then he files an amended second post-conviction. I'm sorry. I think I've got this mixed up here. July 18, he files a petition for post-conviction relief, which I think on its title. And we're talking about love. We're talking about love. Exactly. We're talking about love, which I think is distinguishable from this case here, in which case we had a petition for relief to file a post-conviction. And you didn't have that in the petition for relief. No, we did not. It was just a post-conviction petition. Then he files the second post-conviction petition and then an amended second post-conviction petition. And he says, Job Court, you messed up because you should have considered my initial post-conviction petition as a petition for relief under 214.01. And the appellate court said, No, if you wanted to challenge that, if you think it should have been considered under some other type of form of relief, you should have repealed that instead of coming back to us now that your second amended post-conviction petition has been denied. So I think that that would be an important distinguishing factor between love and this case. Are there any further questions? Thank you. Thank you, counsel and Mr. Dennis. I echo Justice Kate's comments. You know, good luck. And Mr. Jankowski always gives an outstanding argument, as do you. So thank you so much for appearing in front of this court today. The court will take this matter under revising and render a decision in due course.